UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HAYES,

       Plaintiff,         CIVIL ACTION NO. 14-cv-14622

  v.                           DISTRICT JUDGE LAURIE J. MICHELSON

CITY OF DETROIT WATER AND    MAGISTRATE JUDGE MONA K. MAJZOUB
SEWERAGE DEPARTMENT,

       Defendant.
_____/

REPORT AND RECOMMENDATION

This is a *pro se* employment civil rights action filed by Plaintiff Richard Hayes against Defendant City of Detroit Water and Sewerage Department.  Before the Court is Defendant's Motion to Dismiss.  (Docket no. 15.)  No response has been filed.  This matter has been referred to the undersigned for all pretrial purposes.  (Docket no. 14)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 15) be **GRANTED** as follows:

    a.      It is recommended that Plaintiff's claims arising on or before November 12, 2014 be dismissed with prejudice; and

    b.      To the extent that Plaintiff asserts claims arising after November 12, 2014, it is recommended that they be dismissed without prejudice.  If the Court adopts this

recommendation, it is further recommended that Plaintiff's wife be permitted to proceed on behalf of Plaintiff and file an amended complaint within thirty (30) days that sufficiently pleads any claims arising after November 12, 2014.

## II.   REPORT

### A.   Facts and Procedural History

In the instant Complaint, Plaintiff alleges that Defendant violated his rights under the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act (FMLA), Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), and Michigan's Elliot-Larsen Civil Rights Act (ELCRA) with regard to his employment. (Docket no. 1.)  Specifically, Plaintiff alleges that he was transferred to a different position sometime in or around September of 2013 as retaliation for taking leave under the FMLA.  Plaintiff also alleges that he began experiencing knee problems in January of 2014 as a result of his new position.  He claims that he sought accommodations under the ADA for those problems in March of 2014, but instead, he was placed on an unsolicited medical leave of absence from March 11, 2014 to May 11, 2014.  Plaintiff further alleges that he reported to Defendant's doctor for a physical on May 13, 2014, who returned him to work with restrictions.  According to Plaintiff, Defendant informed him that it could not accommodate his restrictions and placed him back on a leave of absence.  Plaintiff alleges that this leave of absence was a "form of punishment and constructive discharge."  Plaintiff states that on June 24, 2014, he "was informed by a City retirement fund statement that [his] status [was] listed as terminated."  Plaintiff allegedly received his Notice of Suit Rights from the Equal Employment Opportunity Commission on September 12, 2014; he then filed the instant Complaint on December 8, 2014.

The City of Detroit filed a Chapter 9 bankruptcy petition on July 18, 2013.[1] The Eighth Amended Plan for the Adjustment of Debts of the City of Detroit ("The Plan") was confirmed on November 12, 2014 and became effective on December 10, 2014. (Docket no. 15-1.) According to the Plan, confirmation discharged "the City from all Claims or other debts that arose on or before the Effective Date" regardless of whether a proof of Claim was filed, deemed filed, or allowed, or whether the claim holder accepted the Plan. Eighth Amended Plan for the Adjustment of Debts of the City of Detroit at 57, *In re City of Detroit, Michigan*, No. 13-53846 (Bankr. E.D. Mich. Oct. 22, 2014), ECF No. 8045.

Defendant filed the instant Motion to Dismiss on May 7, 2015, asserting that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that they were filed in violation of the automatic stay in the bankruptcy proceeding and were discharged upon confirmation of the Plan. (Docket no. 15.) On August 17, 2015, the Court received a letter from Plaintiff's wife, Sandra K. Hayes. (Docket no. 18.) In the letter, Mrs. Hayes informs the Court that Plaintiff passed away unexpectedly on February 22, 2015, and that she suffered several hardships as a result, including psychiatric issues and a cross-country relocation. Mrs. Hayes indicates that she would like to continue this lawsuit on behalf of her husband and asks that the Court grant her a continuance to prepare herself and the case for trial, despite her lack of timeliness in contacting the Court.

**B.     Governing Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the

---

[1] The Court takes judicial notice of the docket sheet in *In re City of Detroit, Michigan*, Case no. 13-53846 in the United States Bankruptcy Court for the Eastern District of Michigan.

plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) assume the veracity of the remaining allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) (citation omitted).

**C.  Analysis**

In a Chapter 9 bankruptcy, the municipality "is discharged from all debts as of the time when . . . the plan is confirmed" unless (1) the debt is excepted from discharge by the plan or the order confirming the plan, or (2) the creditor did not have notice or actual knowledge of the bankruptcy before confirmation of the plan.  11 U.S.C. §§ 944(b)(1), (c); *see also O'Loghlin v. Cnty. of Orange*, 229 F.3d 871, 873, 874 (9th Cir. 2000) (Claims against a municipality arising from conduct that occurred prior to confirmation of a bankruptcy plan are barred.).  Here, as set forth above, Plaintiff alleges that Defendant violated his rights in September of 2013, March of 2014, and May of 2014.  Each of these claims arose on or before the Plan's confirmation date of November 12, 2014.  Moreover, the exceptions to Chapter 9's discharge provision listed above do not exist here; notably, Plaintiff's Complaint indicates that he had actual knowledge of the bankruptcy.  (*See* docket no. 1 at 2, 3.)  Thus, while the Court is sensitive to Plaintiff's plight, his claims arising on or before November 12, 2014 have been extinguished through Defendant's bankruptcy, and it is therefore recommended that Defendant's Motion to Dismiss pertaining to Plaintiff's pre-confirmation claims be granted and that those claims be dismissed with prejudice.

This Court acknowledges that Plaintiff, in his Complaint, sets forth a factual allegation related to an event that occurred after the Plan was confirmed.  Plaintiff asserts that on November 13, 2014, he

> [c]alled Human Resources at the request of my union representative as they where [sic] at that point aware that I was in possession of a right to sue letter due to [the] union investigation and was told I could return to work on 12-1-14.  I returned on that date only to be informed that I was being placed back on [a] leave of absence.

(Docket no. 1 at 4.)  The Court is unable to determine what rights, if any, Plaintiff is alleging that Defendant violated here.  Even in light of Plaintiff's *pro se* status, accepting this allegation as true, and drawing all reasonable inferences in favor of Plaintiff, this allegation is not sufficiently

pled to survive Defendant's Motion to Dismiss. It is therefore recommended that Defendant's Motion with regard to claims arising after November 12, 2014 be granted, but that this matter be dismissed without prejudice, and that Plaintiff's wife be permitted proceed on behalf of Plaintiff and file an amended complaint that sufficiently pleads any claims arising after November 12, 2014.

### D. Conclusion

For the reasons stated herein, it is recommended that the Court **GRANT** Defendant's Motion to Dismiss (docket no. 15) as follows:

a. It is recommended that Plaintiff's claims arising on or before November 12, 2014 be dismissed with prejudice; and

b. To the extent that Plaintiff asserts claims arising after November 12, 2014, it is recommended that they be dismissed without prejudice. If the Court adopts this recommendation, it is further recommended that Plaintiff's wife be permitted to proceed on behalf of Plaintiff and file an amended complaint within thirty (30) days that sufficiently pleads any claims arising after November 12, 2014.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 27, 2015　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff's address of record; Sandra K. Hayes, 771 Sycamore Ave., Unit 2, Olivehurst, CA 95961; and counsel of record on this date.

Dated: October 27, 2015　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　Case Manager