UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD HAYES,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF DETROIT WATER &<br>SEWERAGE DEPARTMENT,<br><br>     Defendant. | Case No. 14-14622<br>Honorable Laurie J. Michelson<br>Magistrate Judge Mona K. Majzoub |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [19], GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [15], AND DIRECTING FILING IN SUPPORT OF REQUEST TO SUBSTITUTE [18]**

Plaintiff Richard Hayes filed this lawsuit asserting that Defendant City of Detroit Water & Sewerage Department unlawfully discriminated and retaliated against him during his employment with the Department. The Department has moved to dismiss Hayes's complaint. Magistrate Judge Mona K. Majzoub, to whom all pretrial matters have been referred, recommends that Hayes's claims arising before the confirmation of the City of Detroit's bankruptcy plan be dismissed with prejudice. She further recommends, in light of Hayes's death during this lawsuit and his surviving spouse's request to substitute as Plaintiff, that Sandra Hayes be allowed to file an amended complaint based on claims arising after the City's bankruptcy plan was confirmed. For the reasons that follow, the Court agrees that those claims arising prior to the City's bankruptcy confirmation were discharged in bankruptcy. But the Court elects a slightly different procedure for substituting a plaintiff into this case.

I.

A.

The following is a brief summary of the allegations of Hayes's complaint.

In 2013, the Department removed Hayes from the City's "Pilot Program" and assigned him to a different building. He was tasked with monitoring the building's equipment "from the basement to the roof," which was challenging for Hayes given his arthritic knees. Then, in January 2014, the Department removed Hayes from his "senior skilled trades job" and placed him in a pool of individuals "whose main task was hard manual labor." Hayes's complaint states that, "[d]uring this time[,] [his] knees became overburdened by the combination of hard labor and no elevator."

Hayes soon began expressing his dissatisfaction with his work situation. In February 2014, Hayes complained to a mid-level manager that he had been removed from the Pilot Program in retaliation for exercising his rights under the Family and Medical Leave Act. In March 2014, Hayes told his immediate supervisor that he could not perform his job tasks given his arthritic knees. Hayes also contacted human resources and asked to be returned to his prior position, assigned that type of work, or given an accommodation. The Department instead placed Hayes on a leave of absence, which, according to the complaint, was "a form of punishment and constructive discharge."

In November 2014, Hayes was informed that he could return to work on December 1, 2014, but, when he did, the Department again placed him on a leave of absence.

**B.**

In December 2014, Hayes filed this lawsuit. He asserted that the Department's conduct violated a number of state and federal laws, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family Medical Leave Act.

In May 2015, the Department moved to dismiss Hayes's complaint on the basis that the alleged claims arose before the City of Detroit's bankruptcy plan was confirmed and that, under 11 U.S.C. § 944(b)(1), all claims arising before the confirmation date were discharged. (Dkt. 15, Def.'s Mot. to Dismiss at 3–4.)

Hayes died before he could respond to the Department's motion. The Court was first notified of this fact in August 2015, when Hayes's surviving spouse, Sandra Hayes, filed a letter stating that Hayes had died in February 2015 and that she wished to pursue his claims. (Dkt. 18, Aug. 12, 2015 Letter from Hayes to Court.)

**II.**

The Court largely agrees with the Magistrate Judge's recommendation. (*See generally* Dkt. 19, Oct. 2015 Report and Recommendation.)

First and foremost, the Magistrate Judge is correct that any claims set forth in the complaint that arose prior to the confirmation of the City's bankruptcy plan were discharged in bankruptcy. (*See* Report and Recommendation at 5–6.)

In reaching this conclusion, the Court recognizes that Hayes did not have the chance to argue otherwise. And the Court acknowledges that there will be situations where dismissal of a plaintiff's claims when the plaintiff's death prevented him from pursuing them is not the proper course. In this case, however, there are several good reasons for reaching the merits of the

3

Department's argument. First, there are no apparent meritorious counterarguments. Second, Hayes was granted the right to proceed without prepayment of the filing fee (*see* Dkts. 2, 3, 4), and where a court grants such a request, it has the independent obligation to dismiss claims upon which relief cannot grant be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604, 608 (6th Cir. 1997) ("Section 1915(e)(2) requires that a court 'shall dismiss' a case if . . . the case fails to state a claim on which relief may be granted . . . . A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section."). And finally, the Court is confident that Magistrate Judge Majzoub thoroughly and correctly analyzed the implications of the City of Detroit bankruptcy on Hayes's claims.

Regarding Sandra Hayes's request to substitute as Plaintiff, the Magistrate Judge recommends that to the extent the complaint pled any claims arising after November 12, 2014, those claims be dismissed without prejudice, that Sandra Hayes be permitted to substitute as Plaintiff, and that she file an amended complaint within 30 days of this Court accepting the recommendation. (Report and Recommendation at 1–2.) The problem with this recommendation is that Federal Rule of Civil Procedure 25 governs substitution when a party dies and it requires that a suggestion of death and any motion for substitution be served on nonparties. Fed. R. Civ. P. 25(a)(3) ("A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 *and on nonparties as provided in Rule 4*. A statement noting death must be served in the same manner." (emphasis added)). Based on Sandra's letter informing the Court of her desire to pursue her late-husband's case, the Court has no way of knowing whether she has served all nonparties that might also be interested in pursuing Hayes's claims. Nor is it clear that she has informed those people that she wants to be the one who pursues them. Yet this

is one of the reasons for Rule 25(a)(3)'s service-on-nonparties requirement. *See Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) ("[N]onparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative (it has not been), should certainly be served."); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[T]he present Rule 25 was designed to inform all interested persons of the death so that they may take appropriate action." (internal quotation marks omitted)). As such, before permitting an amended complaint, the Court will require Sandra Hayes to file an affidavit indicating that she is a proper party to pursue Hayes's claims and that, after a reasonable inquiry, no others that have a right to pursue his claims are interested in doing so.[1]

### III.

For the reasons stated, the Court ORDERS as follows. The Court largely ADOPTS the October 27, 2015 Report and Recommendation (Dkt. 19) and thus GRANTS IN PART the Department's motion to dismiss (Dkt. 15). For the reasons the Magistrate Judge provided in her report, the claims of the complaint, to the extent that they arose prior to the November 12, 2014 confirmation of the City of Detroit's bankruptcy plan, are DISMISSED WITH PREJUDICE. To the extent the complaint asserts any claims that arose after November 12, 2014, those claims may be pursued by way of an amended complaint filed by the entity that substitutes as Plaintiff in this case. The Court will substitute Sandra Hayes as Plaintiff if, by December 31, 2015, she files an affidavit stating (1) that she is a proper entity under the law to pursue Hayes's claims (e.g., a successor), and (2) that after a reasonable effort to inform any other such entities (e.g., other

---

[1] The Court recognizes that Rule 25 also requires that the claims not be "extinguished" by the plaintiff's death. Without the benefit of briefing on the issue, it appears that Hayes's claims survive his death. *See Turner v. Sullivan Univ. Sys., Inc.*, 420 F. Supp. 2d 773, 780 (W.D. Ky. 2006); *Pokorney v. Miami Valley Career Tech. Ctr.*, No. C-3-94-247, 1997 WL 1764769, at *5 (S.D. Ohio Mar. 31, 1997).

successors) of this lawsuit, to her knowledge none are interested in pursuing Hayes's claims. Sandra Hayes will then have 30 days to file an amended complaint based on claims against the Department arising after November 12, 2014.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 25, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson